FRANCIS GOLDSMITH, PLAINTIFF, *v.* GEORGE H. SWIFT, ETC., AND OTHERS, DEFENDANTS.

*Additional issue of stock — when principal — when income.*

Where shares of stock are issued to one holding certain corporate stock as trustee for another, who is entitled to the income and dividends thereof only, and such additional shares are issued simply for the purpose of equalizing the value of the interests of the stockholders in two corporations about to be consolidated, such additional shares of stock constitute part of the *corpus* of the trust, and the trustee should hold them as part of the capital of the estate.

Where, however, certificates of stock are issued to, and do, represent earnings or income of the corporation they should be treated by the trustee as a dividend, and be paid over by him to his *cestui que trust*. .

The right to dividends accrues when they are declared, independent of when the earnings were made.

CONTROVERSY submitted without action. The following is a statement of the case as agreed upon:

I. On the 23d day of September, 1856, one Henry Swift, of the city of Poughkeepsie, with the intent to make a sure provision and advancement for his daughter, Frances Goldsmith, the plaintiff above named, executed and delivered to his son, Charles W. Swift, a certain deed of trust, in and by which he transferred and set over to his said son 100 shares of the capital stock of the "New York Central Railroad Company," the said Charles W. to hold the same upon the following trusts, viz.: "To pay to the said Henry Swift, as the said Charles may receive the same, all such dividends as may from time to time be declared and paid on said stock, for and during the natural life of the said Henry; and at and after his decease, to pay over to the said Frances, if she survive him, for her sole and separate use, as a *feme sole*, and upon her personal receipt, all dividends that may thereafter be declared and paid on said stock, during her natural life; and after the decease of the said Frances, and of the said Henry, then to transfer said stock to her descendants then living," etc.

II. That said Charles W. Swift accepted said trust, and acted as trustee down to the time of his death, as hereinafter stated. That subsequently, and on the 19th day of December, 1868, the board of

directors of the said "New York Central Railroad Company" adopted a resolution in manner and words as follows :

"*Whereas*, This company has hitherto expended of its earnings, for the purpose of constructing and equipping its road, and in the purchase of real estate and other properties, with a view to the increase of its traffic, moneys equal in amount to eighty per cent of the capital stock of the company ;

"*And whereas*, The several stockholders of the company are entitled to evidence of such expenditure, and to reimbursement of the same, at some convenient future period, now, therefore,

"*Resolved*, That a certificate, signed by the president and treasurer of this company, be issued to the stockholders, severally, declaring that such stockholder is entitled to eighty per cent of the amount of the capital stock held by him, payable ratably with the other certificates issued under this resolution, at the option of the company, and of its future earnings, with the dividends thereon, at the same rates and times as dividends shall be paid on the shares of the capital stock of the company ; and that such certificates may be, at the option of the company, convertible into stock of the company, whenever the company shall be authorized to increase its capital stock, to an amount sufficient for such conversion.

" *Resolved*, That such certificates be delivered to the stockholders of the company, in the city of New York, and on the presentation of their several certificates of stock, and that the receipt of the certificate provided for in these resolutions shall be indorsed on the stock certificate."

III. That under and by virtue of said resolutions, the said "New York Central Railroad Company" issued and delivered to said Charles W. Swift certificates equal in amount to eighty per cent of the said 100 shares of stock held by him as trustee as aforesaid.

IV. That subsequently, and by an agreement, bearing date the 15th day of September, 1869, the said "New York Central Railroad Company" was consolidated with the "Hudson River Railroad Company." That as a part of said consolidation, and for the purpose of equalizing the values of the two companies, it was agreed by and between them that "The New York Central and Hudson River Railroad Company" (that being the corporate name of the newly formed consolidated company) should issue consolidated cer-

tificates to an equal amount with, and in place of the said eighty per cent issue of certificates hereinbefore referred to, and should also issue like consolidated certificates for twenty-seven per cent of the amount of the stock of the said "New York Central Railroad Company," and that in addition each shareholder in the last named company should receive for his stock therein an equal amount in the new consolidated company.

V. That subsequently, and in conformity with the foregoing resolutions and agreement, regular certificates of stock in the "New York Central and Hudson River Railroad Company" were issued to and received by said Charles W. Swift as trustee as aforesaid, said certificates being for 207 shares of said stock, and being in place of the 100 shares mentioned in said trust deed, and of the eighty per cent and twenty-seven per cent issues of certificates. And said Charles W. Swift, either as trustee or otherwise, paid out no money or other valuable consideration for the increase or alteration of said stock.

VI. That said trustee paid over to said Henry Swift, from and after the execution of said trust deed, and down to his, said Henry Swift's, death, in 1866, all dividends received on said hundred shares of Central Railroad stock.

That from and after the death of said Henry Swift, and down to the death of said trustee, which occurred on November 19, 1877, the said Charles W. Swift paid over to said Frances Goldsmith all dividends declared on said original 100 shares of stock, and subsequently on said 207 shares of consolidated stock.

VII. That on the 18th day of January, 1878, the defendant herein, George H. Swift, was, by an order of the Supreme Court, duly appointed as a trustee under said trust deed in the place and stead of Charles W. Swift, deceased. That he accepted said trust and took and received, and now holds, said 207 shares of stock, and that he has paid over to said Frances Goldsmith the dividends declared thereon down to the 15th day of January, 1881.

VIII. That said Frances Goldsmith has two children, who, in the event of her death, will be entitled to said trust fund, to wit, the defendants herein, Rebecca S. Beaman and Mary M. Patterson, both of whom are of full age.

Upon the foregoing statement of facts the parties pray the judg-

ment of this court as to whether Frances Goldsmith is entitled to have and receive at once, as dividends or otherwise, the whole or any part of the 107 shares of stock held by said trustee as aforesaid, over and above said original number of 100 shares, or whether the said trustee should hold and retain as such the said 207 shares of stock, paying said Frances Goldsmith, during her lifetime the dividends declared thereon, and after her death distributing said stock as provided in said trust deed.

*Thompson & Weeks*, for the plaintiff. ·

*G. H. Swift*, for the defendants.

GILBERT, J. :

The duty of the trustee to retain twenty-seven additional shares of stock, and to hold the same as part of the *corpus* of the trust seems to us quite plain. Those shares do not in any sense represent earnings or income, but they are simply an accretion to the original stock, which was made in the process of consolidating the two corporations, for the purpose of equalizing the value of the interests of the stockholders therein respectively. No dividend was intended, or was in fact made, by the issue of those shares. On the contrary, 100 shares of the stock of the old corporation, held by the trustee, were worth 127 shares of the stock of the new corporation. When issued, they represented capital, and not earnings or profits, or anything which could be the subject of a dividend.

With respect to eighty shares of the stock held by the trustee, the case is different. Those shares were issued in payment or in lieu of antecedent certificates, and the latter represented the earnings of one of the old corporations, which had accrued before the certificates were issued. Those certificates were redeemable either in money or stock, at the option of the corporation that issued them. No time for redemption was fixed, but they were transferable, and the holder of them was entitled, at the like option, to dividends thereon out of the future earnings, at the same rates and times as dividends should be paid on capital stock. Such certificates are, in ordinary parlance, called scrip, and the distribution of them among stockholders, is usually called a scrip dividend. It is true that the

property of the corporation remained intact notwithstanding the issuing of the certificates. No money was distributed, nor was the property which had been acquired by an expenditure of the past earnings of the corporation in any manner converted. All that the corporation possessed before the certificates were issued it retained as its own property afterwards. Nor did the certificates create any absolute indebtedness against the corporation. (*People ex rel. Williamsburgh Gas Co.* v. *Assessors*, 76 N. Y., 202.) Still, the agreement to apply future earnings or stock to the redemption of the certificates, though optional on the part of the corporation, was of some value to the holder, and when the certificates were converted into stock the holder derived the same benefit from them, that he would have received if they had imported an absolute obligation to that effect. We think, therefore, that such certificates should be treated by the trustee as a dividend within the meaning of the trust (*Bailey* v. *Railroad*, 22 Wall., 604), and, of course, that the stock with which they were redeemed is of the same character. Such seems to be the rule, so far as one has been established in this State. (*Clarkson* v. *Clarkson*, 18 Barb., 646 ; *Simpson* v. *Moore*, 30 id., 637 ; *Woodruff Estate*, 1 Tuck., 58 ; *Brundage* v. *Brundage*, 60 N. Y., 544.) The question generally is fully discussed in Perry on Trusts, section 545 and note.

It is hardly necessary to add that the right to dividends accrues when they are declared, no matter when the earnings were made. (22 Wall., *supra*.)

There must be judgment for the plaintiff in accordance with this opinion.

Present — BARNARD, P. J., GILBERT, and DYKMAN, JJ.

Judgment for plaintiff on submitted case, with costs.